# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JUSTIN HAMBLIN                                                                                          PLAINTIFF

v.                                              4:18cv00608-DPM-JJV

DOC HOLLADAY,
Pulaski County Jail; *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Justin Hamblin ("Plaintiff") is incarcerated at the Pulaski County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 7.) He alleges he has been subjected to lockdowns and excessive force. (Doc. No. 7 at 4.) He seeks $1.5 million in damages. (*Id*. at 5.) After careful review of Plaintiff's Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

In Plaintiff's original Complaint, he alleged one deputy was assigned to observe two units at the Pulaski County Detention Facility, together consisting of over 150 detainees, "for hours at a time" every day. (Doc. No. 1 at 3.) He alleged this threatened his security and also caused him to remain on lockdown, preventing him from calling his lawyer, bondsman, and family. (*Id*.) In a prior Order, I offered Plaintiff an opportunity to amend his Complaint to cure various deficiencies, including that he alleged no injury and did not specify how much time he spent on lockdown. (Doc. No. 6 at 3-5.) Plaintiff has now filed an Amended Complaint (Doc. No. 7), which again fails to state a claim on which relief can be granted.

First, as I noted in the prior Order, the only named Defendant in the original Complaint was Doc Holladay, and Plaintiff made no mention of him or allegation against him in his "Statement of Claim." (Doc. No. 6 at 3.) Plaintiff's Amended Complaint similarly fails to make any mention of or allegation against Defendant Holladay. (Doc. No. 7 at 4.) "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Thus, in order to state a cognizable § 1983 claim,

a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights. *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011). To the extent Plaintiff intends to hold Defendant Holladay responsible based solely on his position as a supervisory official, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff's Amended Complaint adds the Pulaski County Jail as a named Defendant. (Doc. No. 7 at 1.) But the jail, as a department of local government, is not a juridical entity amenable to suit under § 1983. *See Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992).

Second, as I noted in the prior Order, Plaintiff's original Complaint failed to allege he had been injured in any way. (Doc. No. 6 at 4.) Although his Amended Complaint vaguely references "body harm" he suffered "[due] to lack of staff," Plaintiff does not explain how he was injured or attribute this injury to the purported security risk. (Doc. No. 7 at 4.) Similarly, he says excessive force was used against him on a certain date, allegedly because he was having a panic attack. (*Id.*) This episode appears to be unrelated to the security concern, and Plaintiff does not implicate any defendant, only saying "[t]hey" used "unlawful force" on him. (*Id.*) Plaintiff's failure to allege a specific injury resulting from the purported security risk is fatal to his claim for compensatory damages. *See* 42 U.S.C. § 1997e(e) ("[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *Irving v. Dormire*, 519 F.3d 441,

448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation."); *Johnson v. State of Mo.*, 142 F.3d 1087, 1088 (8th Cir. 1998) (to establish standing, a party must have suffered an injury-in-fact fairly traceable to the defendant's conduct). As for Plaintiff's allegation that other detainees were subjected to "unnecessary force" (Doc. No. 7 at 4), he does not have standing to raise this claim. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (quoting *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)) (absent an applicable exception, "one may not claim standing . . . to vindicate the constitutional rights of some third party").

Finally, my prior Order noted Plaintiff's original Complaint was unclear on the amount of time he spent in lockdown. (Doc. No. 6 at 4-5.) His Amended Complaint does not provide additional detail, only saying he was locked down "on more than one day of ongoing every day." (Doc. No. 7 at 4.) He again alleges he was unable to call his lawyer, bondsman, and family; he also mentions being unable to use the showers during lockdown times. (*Id.*) These allegations are insufficient to state a claim to relief. Limitations on telephone privileges generally do not violate the First Amendment. *See, e.g.*, *Holloway v. Magness*, 666 F.3d 1076, 1079 (8th Cir. 2012); *Whitfield v. Dicker*, 41 Fed. App'x 6, at 1 (8th Cir. 2002) (unpublished per curiam). And although pretrial detainees have a right to meaningful access to the courts, which includes the opportunity to consult with counsel, "[t]he extent to which that right is burdened by a particular regulation or practice must be weighed against the legitimate interests of penal administration." *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1052 (8th Cir. 1989) (quoting *Procunier v. Martinez*, 416 U.S. 396, 420 (1974)). Plaintiff has not alleged the practice at issue here, which apparently resulted in temporary lockdowns, hindered any effort to pursue a legal claim concerning his sentence or the

conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996) (setting forth actual injury requirement for access to courts claim). Lastly, while limited access to showers can violate a pretrial detainee's due process right to be free from punitive conditions of confinement, *see Villanueva v. George*, 659 F.2d 851, 854 (8th Cir. 1981), Plaintiff's allegations indicate he was only restricted from showering during certain times of day.

Despite being given an opportunity to cure the defects noted above, Plaintiff's Amended Complaint fails to plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp.*, 550 U.S. at 570.

IV. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 7) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of October, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."